IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BLACKSHORE PROPERTIES, INC., )
                         )
           Plaintiff, )
                         )
       v. )                Civil Action No. 1:18cv1325 (LMB/JFA)
                         )
EQN.COM, *an internet domain name*, )
*et al.*, )
                         )
           Defendants. )
                         )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Docket no. 13). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On October 24, 2018, plaintiff filed a five count, verified complaint against the domain name <EQN.com> ("Domain Name Defendant") and John Doe ("Doe"). (Docket no. 1). The complaint alleges violations of the Anti-cybersquatting Consumer Protection Act ("ACPA"), the Computer Fraud and Abuse Act, and the Electronic Communications Privacy Act; raises a claim of conversion against Doe; and seeks a declaratory judgment to quiet title. (*Id.* ¶¶ 38-62). On November 7, 2018, plaintiff moved for service by publication (Docket no. 5), which the court granted on November 8, 2018 (Docket no. 8). Pursuant to the court's order, notice of this action was published in *The Washington Times* on November 12, 2018. (Docket no. 9 at 5). On December 4, 2018, plaintiff requested an entry of default (Docket no. 10), which the Clerk of

Court entered as to the defendants on December 10, 2018 (Docket no. 11). On December 19, 2018, plaintiff filed this motion for default judgment (Docket no. 13) and noticed the hearing for January 11, 2019 at 10:00 a.m. (Docket no. 15). As set forth in the motion for default judgment, plaintiff is only seeking a default judgment against the Domain Name Defendant under the *in rem* provisions of the ACPA and requests that the remaining claims in the complaint be dismissed without prejudice. (Docket no. 13 at 1). At the hearing on January 11, 2019, counsel for plaintiff appeared, but no one appeared on behalf of Doe or the Domain Name Defendant.

## **Factual Background**

The following facts are established by the verified complaint (Docket no. 1) ("Compl.").[1] Plaintiff Blackshore Properties, Inc. acquired the domain name <EQN.com> through public auction on May 16, 2011 for use in association with the paid provision of information and advertisements for goods and services. (Compl. ¶¶ 16, 18). Plaintiff transferred the domain name to the domain name registrar Enom, Inc. ("Enom") (Compl. ¶ 17). Plaintiff maintains an account with Enom, which is restricted by a user name and password. (Compl. ¶¶ 25-26). Plaintiff recently noticed Doe gained unauthorized access to plaintiff's secure domain name management system and transferred the registration for the Domain Name Defendant from Enom to 22.cn, a common registrar for stolen domain names. (Compl. ¶¶ 13, 27, 29-30). A search of plaintiff's administrative e-mail account reveals plaintiff did not know of the transfer, defendant Doe prevented plaintiff from receiving communications seeking approval for the transfer, and plaintiff did not authorize the transfer. (Compl. ¶¶ 28-30, 32). Doe has taken control of the Domain Name Defendant with the intent to profit from it and has disabled plaintiff's ability to access or control the domain name or its associated website. (Compl. ¶¶ 18, 31-32, 40).

---

[1] Given that the relief sought in the motion for default judgment is for the transfer of the registration for the Domain Name Defendant under the ACPA, these proposed findings of fact and recommendations will be limited to plaintiff's claim against the Domain Name Defendant.

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against the action, the Clerk of Court has entered a default as to defendants. (Docket no. 11).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff has asserted a claim pursuant to the ACPA (15 U.S.C. § 1125(d)) and alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). (Compl. ¶ 6-11).

Plaintiff alleges that this court has *in rem* jurisdiction over the Domain Name Defendant pursuant to 15 U.S.C. § 1125(d)(2)(A) because the registrant of the Domain Name Defendant is a fictitious person or entity over which plaintiff cannot obtain *in personam* jurisdiction and which it has been unable to identify despite its due diligence. (Compl. ¶ 9). Plaintiff also alleges that

3

venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) because the Domain Name Defendant is property situated in this District and because a substantial part of the events giving rise to the claims occurred in this District. (Comp. ¶ 14). Given the uncontested allegations that the Domain Name Defendant is property situated in this District and that a substantial part of the events giving rise to the claims occurred in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Domain Name Defendant, and that venue is proper in this court.

### Service

Rule 4(n)(1) provides that the court may assert jurisdiction over property if authorized by a federal statute, and notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule. Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On November 7, 2018, plaintiff moved for notice by publication, alleging that Doe concealed his identity by using a fictitious name. (Docket nos. 5, 6). On November 8, 2018, this court granted plaintiff's motion for publication and directed it to publish a notice in *The Washington Post* or *The Washington Times* no later than fourteen days after the entry of the order. (Docket no. 8). On November 12, 2018, plaintiff published a notice in *The Washington Times*. (Docket no. 9 at 5). Plaintiff also affirmed that it sent a copy of the publication order to the registrant's email address. (*Id.* at 2, 11-13). Based on the foregoing, the undersigned

4

magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

## Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the Domain Name Defendant was required to file a responsive pleading by December 3, 2018, twenty-one (21) days after the notice of action was published. No responsive pleading has been filed and no other claims were filed, and the time for doing so has since expired. On December 4, 2018, plaintiff filed a request for entry of default. (Docket no. 10). The Clerk of Court entered a default against the defendants on December 10, 2018. (Docket no. 11).

For the reasons stated above, the undersigned magistrate judge recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the Domain Name Defendant, and that the Clerk of Court properly entered a default as to the Domain Name Defendant.

## Liability

According to Fed. R. Civ. P. 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Plaintiff has established a violation of the ACPA. As an initial matter, plaintiff contends that it owns the exclusive rights to the Domain Name Defendant, that it has used the Domain Name Defendant in commerce since May 2011, and that it has acquired common law trademark rights in the associated trademark. (Compl. ¶¶ 16–19). Accordingly, plaintiff is the rightful owner of the Domain Name Defendant and the associated trademark.

5

To establish an ACPA violation, plaintiff is required to prove (1) that the defendant had a bad faith intent to profit from using the Domain Name Defendant, and (2) that the Domain Name Defendant is identical or confusingly similar to, or dilutive of, a distinctive mark owned by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether a defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;
>
> (VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar

>to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and
>
>(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiff has established that Doe had a bad faith intent to profit from the Domain Name Defendant when he obtained unauthorized access to plaintiff's domain registrar account and transferred control of the Domain Name Defendant in such a manner as to avoid detection. (Compl. ¶¶ 27–37). Based on the factors set forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiff has established that: (1) Doe lacks any intellectual property rights in the Domain Name Defendant, as evidenced by plaintiff's rightful ownership of the Domain Name Defendant and Doe's knowledge that the Domain Name Defendant was identical to, or reflective of, plaintiff's trademark ; (2) Doe provided a misleading or incomplete name and contact information in the domain name registration when changing the registration for the Domain Name Defendant; (3) Doe has not engaged in *bona fide* non-commercial or fair use of the trademark associated with the Domain Name Defendant; and (4) Doe intends to use the Domain Name Defendant for financial gain without the offering of any good or service. (*Id.* ¶¶ 16-21, 32–37, 40).

Second, plaintiff has established that the Domain Name Defendant is identical to a distinctive mark owned by plaintiff, that is the actual domain name <EQN.com>. The Domain Name Defendant and the associated common law trademark were used in commerce in conjunction with online services provided by plaintiff since its acquisition on May 16, 2011. (Compl. ¶¶ 16, 18-19). Plaintiff recently noticed that the Domain Name Defendant had been transferred to a destination registrar for stolen domain names, and a search of plaintiff's

7

administrative emails revealed that Doe illegally gained access to plaintiff's account and wrongfully transferred the Domain Name Defendant away from plaintiff's control without plaintiff's authorization. (Compl. ¶¶ 27-32). As such, Doe's use of the trademark associated with the Domain Name Defendant was necessarily the same as the use by plaintiff. Therefore, it is recommended that that the court find that plaintiff has established a violation of the ACPA.

### Relief

In this *in rem* action, plaintiff seeks the return of the Domain Name Defendant and dismissal of the remaining claims without prejudice. (Docket no. 13 at 1). Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002). Given that plaintiff has established a violation of the ACPA through Doe's unauthorized transfer of the registration of plaintiff's domain name and the use of the domain name and associated trademark, the undersigned recommends an order requiring the transfer of the Domain Name Defendant to plaintiff and a dismissal of all other claims without prejudice.

### Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of plaintiff Blackshore Properties, Inc. and against the Domain Name Defendant <EQN.com> pursuant to Count I alleging a violation of the Anti-cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)). The undersigned recommends it be ordered that

VeriSign, the registry for the Domain Name Defendant <EQN.com>, promptly change the registrar of record for domain name <EQN.com> as directed by plaintiff's counsel and that the registrar of <EQN.com> shall place the registration for the domain name <EQN.com> in an account as directed by plaintiff's counsel. The undersigned further recommends that plaintiff's remaining claims be dismissed without prejudice.

### Notice

By means of the court's electronic filing system and by sending copies of these proposed findings of fact and recommendations to the email address maliru588588@gmail.com and mailing a copy to Maliru, chaonanquxianchengzhenlaowuxiang, Shantoushi, Guangdong Province, China, 515143, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 11th day of January, 2019.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia