IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BLACKSHORE PROPERTIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:18-cv-1325 (LMB/JFA) |
| ) | |
| EQN.COM, an Internet domain name, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Blackshore Properties, Inc. ("plaintiff") filed this civil action against two defendants: John Doe ("Doe"), an unknown individual who is alleged to have unlawfully hijacked plaintiff's domain name; and EQN.com, the domain name in question. Before the Court is a magistrate judge's Proposed Findings of Fact and Recommendations [Dkt. No. 17] (the "Report") recommending that the Court enter a default judgment against EQN.com and order that the domain name EQN.com be returned to plaintiff. The Court has reviewed the Report and will adopt its findings and recommendations in full.

Plaintiff acquired the domain name EQN.com in May 2011 and transferred the domain name to the registrar Enom, Inc. ("Enom"). Report 2. Although plaintiff's Enom account is protected by a user name and password, Doe managed to gain unauthorized access to the account and transferred the registration for EQN.com to 22.cn, a registrar that is commonly used in domain name theft schemes. Id. Plaintiff was not aware of and did not approve that transfer. Id. As a result of the unauthorized transfer, Doe now has control over the domain name and has prevented plaintiff from accessing or controlling the domain name or the website associated with it. Id. at 2.

Plaintiff filed a five-count complaint against Doe and EQN.com (together, "defendants") in October 2018, asserting in rem claims against EQN.com under the Anticybersquatting Consumer Protection Act (the "ACPA") (Count I) and state-law quiet title doctrine (Count II) as well as multiple in personam claims against Doe under state and federal law (Counts III through V). Plaintiff moved for service of process on defendants by publication under Fed. R. Civ. P. 4(n)(1) and 15 U.S.C. § 1125(d)(2)(A)(ii)(II), and the Court granted that motion on October 8, 2018, informing defendants that a responsive pleading would be due within 21 days of the date of publication. Notice of this action was published in The Washington Times on November 12, 2018. Neither EQN.com nor Doe filed a responsive pleading within the 21-day deadline, and to date neither of the defendants has entered an appearance. Accordingly, the Clerk entered default against defendants on December 10, 2018.

On December 19, 2018, plaintiff moved for default judgment against EQN.com. Specifically, plaintiff's motion sought an order (i) entering a judgment against EQN.com on plaintiff's ACPA claim (Count I), (ii) dismissing Counts II through V without prejudice, (iii) directing VeriSign, Inc. ("VeriSign") to transfer the domain name EQN.com to Enom, and (iv) directing Enom to ensure that plaintiff is listed as the rightful registrant for that domain name.

The magistrate judge issued the Report on January 11, 2019, in which he correctly determined that the Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1331; that in rem jurisdiction over EQN.com is proper under 15 U.S.C. § 1125(d)(2)(A); and that venue is proper in this district under 15 U.S.C. § 1125(d)(2)(C). The magistrate judge also correctly found that service of process on defendants was proper under Fed. R. Civ. P. 4(n)(1) and 15 U.S.C. § 1125(d)(2)(A)(ii)(II). Finally, the magistrate judge found that based on the

allegations in the verified complaint—which are deemed to be admitted because of defendants' default—plaintiff had established that it is the rightful owner of EQN.com and the associated trademark, that Doe had a bad-faith intent to profit from using that domain name, and that the domain name Doe was using was identical to plaintiff's distinctive mark. Accordingly, the magistrate judge recommended that the Court enter default judgment against EQN.com under the ACPA and grant relief, pursuant to 15 U.S.C. § 1125(d)(1)(C), requiring that the domain name be returned to plaintiff. The Report required that notice be sent to defendants and advised the parties that any objections had to be filed within 14 days and that failure to file a timely objection waives a party's right to appeal the substance of the Report or any judgment based thereon. As of the date of entry of this Order, no party has filed an objection.

Having carefully reviewed the Report, the Court adopts the findings of fact and conclusions of law contained in the Report as its own. Accordingly, plaintiff's Motion for Default Judgment [Dkt. No. 13] is GRANTED; Counts II, III, IV, and V of plaintiff's complaint [Dkt. No. 1] are DISMISSED WITHOUT PREJUDICE; and it is hereby

ORDERED that default judgment on Count I of plaintiff's complaint be and is ENTERED against defendant EQN.com and in favor of plaintiff; and it is further

ORDERED that VeriSign shall transfer the domain name EQN.com from the current registrar to Enom; and it is further

ORDERED that Enom shall take all necessary steps to ensure that plaintiff is listed as the registrant for the domain name EQN.com.

To appeal this decision, a party must file a written notice of appeal with the Clerk of this Court within 30 days of the date of entry of this Order. A notice of appeal is a short statement

indicating a desire to appeal an order and identifying the date of the order the party wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment, under Fed. R. Civ. P. 55, in favor of plaintiff on Count I of its complaint; to forward copies of this Order to counsel of record and to defendants; and to close this civil action.

Entered this 28 day of January, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge